STRADER *vs.* HOUGHTON.

1. Where the surety to a bond gave a *verbal* notice to the payee, after maturity, to sue the principal, who declined doing so, until the principal became insolvent—it was held, that the surety was discharged from his liability.

Error to Benton Circuit court.

Covenant—tried before *Shortridge*, J.

*Martin*, for plaintiff in error.

COLLIER, C. J.—The only error insisted on in the proceeding in the Circuit court, arises out of a bill of exceptions, sealed by the presiding judge at the trial. The plaintiff in error being sued on a specialty for the payment of money, which he had executed with one King Jenkins as his surety, proved that he had on several occasions, given to the defendant a *verbal* notice, after the maturity of the paper, to sue his principal, or he would consider himself discharged from his suretyship—that the principal was solvent at the time of the notices, and that the money might have been collected of him, had diligence been used—that the defendant had taken no

Strader *vs.* Houghton.

measures for several years, to coerce a collection, and that the principal was now insolvent.

The Circuit judge charged the jury, that to have made the notice by the plaintiff available in his defence, it was necessary that it should have been in writing—and relied upon the case of Gayle vs. Randle, (4 Porter's R. 236,) as having changed the earlier decisions on the point. The learned judge was clearly mistaken, in the view which he took of that case : when looked into, instead of being found introductive of a new rule, it will be seen to be confirmatory of Bruce vs. Edwards, (1 Stewart's Rep. 11.)

The consequence is, that the judgment of the Circuit court is erroneous, and is therefore reversed, and the case remanded.